Filed 5/21/25  P. v. Brown CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B328067 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA043917) |
| v. | |
| DANIEL ANTONIO BROWN, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Robert C. Vanderet, Judge.  Remanded with instructions; otherwise affirmed.

Patricia A. Scott, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General,

Kenneth C. Byrne, Jonathan M. Krauss and Allison H. Chung, Deputy Attorneys General, for Plaintiff and Respondent.

In 1992, appellant Daniel Brown pled no contest to voluntary manslaughter. In 2022, Brown filed a petition for resentencing under Penal Code section 1172.6.[1] The trial court denied the petition for failing to make a prima facie showing. On appeal, Brown challenges the trial court's order. He contends that the trial court engaged in impermissible factfinding in concluding that he was the actual shooter and thus ineligible for relief. We affirm, but remand to allow appellant an opportunity to file an amended petition, in accordance with *People v. Patton* (2025) 17 Cal.5th 549 (*Patton*).

## BACKGROUND

In 1991, an information charged Brown with one count of murder (§ 187, subd. (a)), with the special allegation that he personally used a firearm in the commission of the crime (§ 12022.5, subd. (a)). Brown subsequently pled no contest to one count of voluntary manslaughter (§ 192, subd. (a)). The trial court sentenced Brown to the low term of three years in prison.

In 2022, Brown filed a petition for resentencing under section 1172.6. The court appointed counsel for Brown and the parties submitted briefs. The People's response argued that Brown was not entitled to relief because he was the actual shooter and the sole perpetrator and thus could not have been convicted under the natural and probable consequences doctrine or a felony murder theory.

In contesting Brown's prima facie showing, the People relied on the transcript from Brown's preliminary hearing to demonstrate why relief was unavailable as a matter of law. In particular, a witness testified at the preliminary hearing that he did not say anything to the police about the incident. However, the investigating detective testified that the witness gave details about the shooting a few weeks after the incident. According to the detective, the witness stated that he saw his acquaintance, "Toushay," in a

---

[1] All undesignated statutory references are to the Penal Code.

2

physical fight with several other men. Toushay then took out a gun and fatally shot the victim. The detective testified that he identified Toushay as Brown through "automated resources, department records and witnesses' statements," including from Brown's girlfriend, who identified him as Toushay.

In reply, Brown argued that he had met his prima facie burden and was entitled to an evidentiary hearing. He contended that any use of the preliminary hearing transcript would constitute improper factfinding at the prima facie stage. He offered no factual counterweight to the evidence cited by the People.

The trial court initially found that Brown made a prima facie showing and set an evidentiary hearing. However, the People moved for reconsideration of the court's prima facie finding. The court ultimately found that Brown had not made his prima facie showing and thus denied the petition. In reaching this conclusion, the trial court relied on the preliminary hearing transcript. The court found that the witness's statements to the detective who testified at the preliminary hearing was admissible as a prior inconsistent statement and established that Brown was the sole shooter as a matter of law. Thus, Brown's conviction did not implicate an invalid theory of liability.

Brown timely appealed.

## DISCUSSION

The Legislature eliminated "natural and probable consequences liability for murder as it applies to aiding and abetting." (*People v. Lewis* (2021) 11 Cal.5th 952, 957 (*Lewis*).) In turn, the Legislature created a procedural mechanism for defendants who could not be convicted of murder under the amended laws to seek retroactive relief. (§ 1172.6, subd. (a)(1)-(3); *Lewis, supra*, at p. 957.) The Legislature then expanded the class of defendants entitled to relief to those convicted of manslaughter under the natural and probable consequences doctrine. ( § 1172.6, subd. (a)(1); see *People v. Delgadillo* (2022) 14 Cal.5th 216, 223, fn. 3.)

The sole issue on appeal is whether the trial court engaged in improper factfinding by relying on the preliminary hearing transcript. While this appeal was pending, our Supreme Court decided *Patton, supra*, which held "that a petitioner who offers only conclusory allegations of entitlement to relief under section 1172.6, in response to a record of conviction that demonstrates the petitioner's conviction was under a still-valid theory, has not, thereby, made a prima facie showing." (*Patton, supra*, 17 Cal.5th at p. 600.) Although the "'prima facie bar was intentionally and correctly set very low'" (*Lewis, supra*, 11 Cal.5th at p. 972), it is not on the floor. A petitioner "confronting a record of conviction that demonstrates relief is unavailable ha[s] the burden of coming forward with nonconclusory allegations to alert the prosecution and the court to what issues an evidentiary hearing would entail." (*Patton, supra*, at p. 607.) A petitioner may satisfy this burden by, for instance, pointing to "specific facts that identify someone else as the direct perpetrator." (*Ibid*.) "But absent specific facts, no such dispute arises, … from mere latent, speculative possibilities; that is, a hypothetical alternate direct perpetrator cannot be conjured from thin air or a legal conclusion." (*Id*. at p. 608.)

The court in *Patton* made clear "there is no dispute that the record of conviction the parties may consult at the prima facie stage includes a preliminary hearing transcript preceding a guilty plea." (*Patton, supra*, 17 Cal.5th at p. 608.) In *Patton*, as in the case at bar, the petitioner failed to make a prima facie showing because he "offered only conclusory allegations of entitlement to resentencing relief under section 1172.6 in response to a record of conviction." (*Id*. at p. 609.) In light of the preliminary hearing transcript, the court held that the petitioner's "conclusory checkbox allegations alone could not create a factual dispute." (*Ibid*.) However, in response to the petitioner's belated request at oral argument, the court in *Patton* remanded the matter back to the superior court to permit the petitioner to plead additional facts.

We requested supplemental briefing from the parties addressing *Patton*. Brown submitted a letter brief arguing that he met his prima facie burden and, if not, requesting a remand for the opportunity to plead additional facts. Consistent with the disposition in *Patton*, and in an

abundance of caution, we remand the matter to the trial court with directions for that court to consider an amended petition should Brown, within 30 days of that remand, seek to file one. "We express no opinion on the viability of any additional facts [appellant] might allege." (*Patton*, *supra*, 17 Cal.5th at p. 569.)

## DISPOSITION

We remand this matter to the trial court with directions for that court to consider an amended petition should Brown, within 30 days of that remand, seek to file one. We otherwise affirm the judgment of the trial court.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


COLLINS, J.


We concur:


ZUKIN, ACTING P. J.


MORI, J.